IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON SR,

                Plaintiff,

  v.

CITY OF RACINE, JUDGE ALICE
RUDEBUSCH, ROBIN ZBIKOWSKI,
JAMIE MCCLENDON, MICHA A.
SCHWAB, JENNIFER TANCK-ADAMS,
REBECCA SOMMERS, CAROLYN HILLERY
DELERY, DIRK JENSEN, DIANA DONOHOO,
LAURA WALKER, GREGORY REED,
MAUREEN MARTINEZ, PATRICIA HANSON,
and JUDGE MARK NEILSEN,

                Defendants.

OPINION and ORDER

20-cv-1054-wmc[1]

---

Pro se plaintiff Joshua Lee Vinson, Sr., is incarcerated at Columbia Correctional Institution. Vinson alleges that two state-court judges, several prosecutors, and his former criminal defense attorneys violated federal and state law by mishandling his Racine County criminal case. Vinson seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee.[2]

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915,

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

[2] Vinson has also filed two motions asking the court to screen his complaint, Dkt. 14, 16, a "motion giving notice that the defendants are unlawfully manufacturing [a] false document," Dkt. 8, and a "motion providing proof of misconduct" and asking to file for summary judgment, Dkt. 11, which I will deny as moot.

1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that this case must be dismissed.

## ALLEGATIONS OF FACT

Vinson was arrested in Racine on January 11, 2018. Publicly available court records show that five days later, Vinson was charged and made his initial appearance in Racine County Case No. 2018CF92.[3] Vinson was found guilty by a jury of two felony charges in 2019. Robin Zbikowski, Micha A. Schwab, Jennifer Tanck-Adams, Rebecca Sommers, Maureen Martinez, Patricia Hanson, Dirk Jensen, Carolyn Hillery Delery, and Diana Donohoo were prosecutors involved in Vinson's criminal prosecution. Vinson alleges that they filed an amended information and brought new charges without any basis or notice.

Judge Alice Rudebusch and Judge Mark Neilsen presided over the case at different points. As for Judge Rudebusch, she found probable cause to bind Vinson over on his charges "without any essential facts to support [the] charges" and set "excessive" bail. Dkt. 1 at 2, 9. Judge Neilsen gave "unconstitutional unlawful jury instructions" and allowed prosecutors Donohoo and Hanson to add a lesser included offense at Vinson's trial. *Id.* at 4.

Vinson was first represented by Jamie Mcclendon, then by Laura Walker, and later by Gregory Reed. He says that his criminal defense lawyers failed to address these issues and "allowed [Vinson] to suffer by not listening to [him]." *Id.*

---

[3] Wisconsin circuit court case information is publicly available online through the Wisconsin Circuit Court Access program, https://wcca.wicourts.gov.

Vinson says that defendants violated his rights because he is black and mentally disabled. He asks the court to investigate systemic racism in Racine's justice system and seeks damages as well as unspecific declaratory and injunctive relief.

ANALYSIS

Vinson contends that he has been wrongfully convicted, falsely imprisoned, and has suffered "a series of [assaults] and batteries" including arrest, handcuffing, imprisonment, strip searches, harassment, and fingerprinting and other booking procedures because defendants violated federal and state law. *Id.* at 8.

Vinson appears to be challenging the fact or duration of his confinement. But to do so in federal court, he must bring his claims in habeas corpus proceedings after exhausting his state-court remedies, not in a civil rights lawsuit. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody challenging the fact or duration of his confinement must seek federal habeas or appropriate state court relief.). Before Vinson can recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This rule applies even if a plaintiff has been released from custody and habeas relief is unavailable. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020). Vinson makes no such claim.

Regardless, Vinson has sued immune and improper defendants. He contends that the district attorneys maliciously prosecuted him, but he cannot succeed on those claims in this civil lawsuit. District attorneys are protected by absolute immunity for their prosecutorial acts. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution . . . , the prosecutor is immune from a civil suit for damages under § 1983."); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). The same is true under Wisconsin law. *See Bromund v. Holt*, 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964) ("A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings."). And Vinson has not stated a state-law claim for malicious prosecution in any event because he has not alleged that the judicial proceedings were ultimately terminated in his favor. *See Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 404, 515 N.W.2d 469, 472 (Ct. App. 1994) (listing the six elements of a claim for malicious prosecution under Wisconsin law).

Vinson also contends that Judges Rudebusch and Neilsen committed judicial misconduct "while acting as gatekeepers" by "allowing unconstitutional amendments" to the information and were "curt and preemptory" and "insulting" in their rulings. Dkt. 1 at 9. But judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 354 (1978). Vinson cannot sue these state-court judges for their rulings in Vinson's criminal case.

Vinson's former criminal defense lawyers are not proper defendants either. He contends that these defendants violated his Sixth Amendment right to effective assistance of counsel and the Wisconsin Supreme Court rule requiring diligent client representation. Section 1983 allows a plaintiff to sue "state actors" for violating his civil rights, but "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). And a plaintiff seeking to make the argument that his criminal defense lawyer was ineffective must bring a petition for habeas corpus under 28 U.S.C. § 2254, not a civil lawsuit under 42 U.S.C. § 1983. *See Scott v. Evers*, No. 20-CV-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) ("A plaintiff . . . arguing that his criminal defense counsel provided ineffective assistance must bring a petition for habeas corpus under 28 U.S.C. § 2254, not a civil lawsuit under § 1983.")). I cannot convert this action into one for habeas corpus. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages . . . for litigants").

I will not allow Vinson to proceed against the City of Racine either. Vinson's allegation that the city "is responsible also for" the alleged constitutional violations and his "wrongful conviction" because of its "unlawful policies, practices and customs" is too conclusory and vague to state a municipal liability claim against that entity. Dkt. 1 at 6, 8.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Vinson's claims with prejudice is appropriate

5

because I see no allegations suggesting that he could amend his complaint to state a plausible theory for relief. Therefore, I am dismissing this case with prejudice for failure to state a claim upon which relief can be granted. I also will direct the clerk of court to record a "strike" against Vinson under 28 U.S.C. § 1915(g). As Vinson may be aware, a prisoner plaintiff who has accumulated three strikes "while incarcerated or detained in any facility" cannot proceed in forma pauperis, that is, as one not required to prepay the full filing fee, unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Lee Vinson, Sr. is DENIED leave to proceed, and this case is DISMISSED.

2. Plaintiff's pending motions, Dkt. 8, 11, 14, 16, are DENIED as moot.

3. The clerk of court is directed to enter judgement for defendants and to close this case.

4. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered January 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge