IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON SR,

                Plaintiff,

v.

CITY OF RACINE, JUDGE ALICE
RUDEBUSCH, ROBIN ZBIKOWSKI,
JAMIE MCCLENDON, MICHA A.
SCHWAB, JENNIFER TANCK-ADAMS,
REBECCA SOMMERS, CAROLYN HILLERY
DELERY, DIRK JENSEN, DIANA DONOHOO,
LAURA WALKER, GREGORY REED,
MAUREEN MARTINEZ, PATRICIA HANSON,
and JUDGE MARK NEILSEN,

                Defendants.

ORDER

20-cv-1054-wmc[1]

---

Plaintiff Joshua Lee Vinson, Sr., proceeding without counsel, alleged that two state-court judges, several prosecutors, and his former criminal defense attorneys violated federal and state law by mishandling his Racine County criminal case. I dismissed the complaint at the screening stage because Vinson failed to state a claim for which relief may be granted. Vinson alleged that he had been wrongfully convicted and falsely imprisoned in connection with his 2019 Racine County conviction, but his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), among other reasons. Dkt. 17.

Vinson now moves for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and he requests leave to file an amended complaint against two detectives based on "newly discovered evidence." Dkt. 19. I will deny the motion

---

[1] I am exercising jurisdiction over this case for the purpose initial screening only.

A Rule 59(e) motion "will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). Where a plaintiff has not been afforded an opportunity to amend his complaint before a judgment of dismissal, his post-judgment motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that the court "should freely give leave when justice so requires." *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 628-29 (7th Cir. 2020). But a court may deny leave to amend if amendment would be futile. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

Vinson gives me no reason to revisit my ruling and allow him to amend the complaint to add two new defendants. Vinson alleges that detectives Joshua LaForge and James Pettis of the Racine Police Department unlawfully detained him following a warrantless arrest without securing a judicial determination of probable cause within 48 hours. Dkt. 19 at 2. He provides as "newly discovered evidence" his Racine County Jail booking sheet indicating that he was arrested in January of 2018, on charges of first-degree sexual assault of a child that were lodged against him in Racine County Case No. 18-1248, which the district attorney initially declined to prosecute. Dkt. 19-1 at 1.

Vinson has not provided a proposed amended complaint with his Rule 59(e) motion as required to enable the court to consider the merits of his post-judgment request for leave to

amend. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). A court may deny a request for leave to amend on this basis alone. *See, e.g.*, *Doe v. Village of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015) (concluding that, without a proposed amended complaint, the court was "unable to meaningfully evaluate whether the proposed amendment would have cured the deficiencies in the original complaint"); *Doe v. Howe Military Sch.*, 227 F.3d 981, 989-90 (7th Cir. 2000) ("District courts do not have to engage in guessing games about proposed amendments, and the judge here was well within his discretion to deny this motion.").

But even if he had included the proposed amended complaint, I would still deny his motion. Vinson's booking sheet shows that although the charge of first-degree sexual assault of a child was initially declined by the prosecution, Vinson was convicted of a similar charge, and other charges, stemming from his 2018 arrest. *See State v. Vinson*, No. 2021AP370-CRNM, 2021 WL 8694053 (Wis. Ct. App. Oct. 27, 2021, pet. dism'd) (summarily affirming Vinson's conviction for repeated sexual assault of a child between January 5 and 7, 2018). Vincent's allegations do not show that he was arrested without probable cause or that he has a valid claim against LaForge and Pettis. *See Boyce v. Fernandes*, 77 F.3d 946, 950 (7th Cir. 1996) (explaining that a decision to decline prosecution does not establish the absence of probable cause for an arrest). Vinson does not otherwise address the reasons that I dismissed his complaint, and he has not shown any error of law. Vinson is therefore not entitled to relief under Rule 59(e), nor is he entitled to amend his complaint.

ORDER

IT IS ORDERED that the plaintiff's motion for reconsideration, Dkt. 19, is DENIED.

Entered May 10, 2024.

BY THE COURT:

/S/_____
JAMES D. PETERSON
District Judge